# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **BRANDON LUKE HERRON,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:19CV00049 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **CAPTAIN MCCOY, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Brandon Luke Herron, Pro Se Plaintiff.*

Plaintiff Brandon Luke Herron, a state inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983, alleging that he has been held for weeks in segregated confinement without a Bible. After review of the record, I conclude that this action must be summarily dismissed for failure to state any claim actionable under § 1983 and that Herron's separate motions seeking interlocutory injunctive relief must be dismissed as moot.

Herron is confined at the Southwest Virginia Regional Jail Authority ("SWVRJA") jail located in Haysi, Virginia. His Complaint, signed and dated on January 15, 2019, provides few details. He states that he was "put on strip cell" on December 8, 2018, "for saying that [he] would stab the Major." Compl. 2, ECF No. 1. In that cell, he is not allowed to have his Bible. Herron also complains that according to state prison policy, after thirty days on strip cell, he should have had a

fifteen-day rest break. As relief in this case, Herron wants "to be took off of strip cell or moved to another SWVRJA Jail." *Id.*

Herron also moves for interlocutory injunctive relief: "I'm in fear for my life due to all of this. I've been told by 3 Co's now that will hurt me if I file this 1983 form, so please order that I be moved to a different SWVRJA Jail so I don't get hurt by any of these CO's." Mot. TRO 1, ECF No. 4. In a similar motion filed a few weeks later, Herron states that he needs to "be moved to another jail . . . due to threats made at me by staff at this jail. I'm in fear for my life and have ask[ed] to be moved, and they are den[y]ing me the right to move." Mot. Prelim. Inj. 1, ECF No. 9.

I must dismiss any action or claim filed by a prisoner against governmental officials if I find that the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). To state a claim, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

The defendants Herron names in the heading of the Complaint are Captain McCoy and Major Jonny Billiter. The allegations in the claims section of Herron's Complaint do not mention either of these individuals or describe any action that either of them took, personally, that violated Herron's rights or harmed him in any way. Thus, the Complaint does not state any § 1983 claim against McCoy or Billiter. *See, e.g., Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (finding that under § 1983, "[l]iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights") (internal quotation marks and citations omitted). Moreover, Herron's submissions do not state sufficient facts for an actionable § 1983 claim against anyone.

First, the Complaint does not state any violation of the Free Exercise Clause of the First Amendment. Specifically, Herron does not indicate how his inability to possess his Bible for a few weeks has substantially burdened his practice of sincere, religious beliefs — a showing he must make for a free exercise claim. *See Thomas v. Review Bd. of Ind. Emp't Sec. Div.*, 450 U.S. 707, 718 (1981) (defining substantial burden as one that "put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs").

Second, Herron does not demonstrate how temporary strip cell confinement itself has caused him any harm or otherwise violated any constitutionally protected right. *See, e.g., Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that

disciplinary segregation was not the type of atypical, significant deprivation required to create a protected liberty interest for due process purposes); *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (holding that Eighth Amendment claim requires showing that challenged prison conditions caused plaintiff serious physical or emotional harm). Moreover, jail officials' alleged violation of a state regulation about strip cell breaks does not present any federal constitutional claim. *See Riccio v. Cty. of Fairfax*, 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that if state law grants more procedural rights than Constitution requires, state's failure to abide by that law is not federal due process issue). Thus, Herron has stated no § 1983 claim about strip cell status.

Third, Herron has no § 1983 claim based merely on officers' verbal threats. Allegations of verbal abuse and harassment by guards, without more, do not state any constitutional claim. *Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005) (unpublished) (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)).

For the stated reasons, I find that this action must be summarily dismissed without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim upon which relief can be granted. As such, I will also dismiss Herron's motions for interlocutory injunctive relief as moot.[1] Dismissal of the § 1983 action without

---

[1] In any event, Herron's allegations do not provide a factual basis for such relief. To warrant such an extraordinary remedy, the plaintiff must make a clear showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the

prejudice leaves Herron free to refile one or more of his claims in a new and separate civil rights action, provided he can overcome the noted deficiencies.

A separate Final Order will be entered herewith.

DATED: February 11, 2019

/s/ James P. Jones
United States District Judge

---

absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). To qualify as irreparable, the feared harm must be "neither remote nor speculative, but actual and imminent," *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989) (internal quotation marks and citations omitted), such that it poses a real and immediate threat, *Dan River, Inc. v. Icahn*, 701 F.2d 278, 283 (4th Cir. 1983). Since Herron fails to state any actionable § 1983 claim, he cannot show a likelihood of success on the merits. Moreover, his fears for his safety at the Haysi jail, based on alleged verbal threats, are merely speculative at best. Thus, he has not met the four requirements for the immediate court intervention he seeks.